UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 06-61575-CIV-COOKE/BROWN

HERNANDO GONZALEZ, *et al.*,

      Plaintiffs,

v.

SUNRISE LAKES CONDOMINIUM
APARTMENTS PHASE III, INC. 4,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
COMPLAINT OR FOR MORE DEFINITE STATEMENT AND IN THE
ALTERNATIVE MOTION TO STRIKE**

      **THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiffs'

Complaint or for More Definite Statement and in the Alternative Motion to Strike (DE 5), filed

December 5, 2006.  The Court having reviewed the Motion finds, for the reasons set forth below,

that the Motion should be denied.

    **I.**    **BACKGROUND**

      Plaintiffs instituted this action on October 24, 2006.  Plaintiffs Hernando Gonzalez,

Bertha Gonzalez, Luz Elena Betancur, and Fernand Bernard (collectively referred to as

"Plaintiffs") allege that on February 27, 2006 Plaintiff Fernand Bernard ("Bernand") placed his

condominium unit 108, located in the Sunrise Lakes Condominium Apartments Phase III, Inc. 4,

for sale and listed it with Plaintiff Luz Elena Betancur ("Betancur") a registered real estate agent.

On April 14, 2006, Bernard allegedly entered into a contract with Hector and Benigna Ochoa

(who are not Plaintiffs in this suit) for the sale of his condominium unit for $68,000.  Hector and

Benigna Ochoa (the "Ochoas") are alleged to be of Hispanic origin.  Moreover, Plaintiffs allege

that the Ochoas qualified for financing to purchase Bernard's condominium unit and allegedly

were ready, able, and willing to close the deal.  Defendant Sunrise Lakes Condominium

Apartments Phase III, Inc. 4 ("Sunrise") allegedly had authority to approve the Ochoas' purchase

in accordance with the Declaration of Condominium.  Plaintiffs allege that on April 21, 2006, the

Ochoas were notified by letter that Sunrise had disapproved their purchase because the Ochoas

failed to meet the association's criteria.  Thereafter, Bernard allegedly listed his condominium

unit again with the assistance of Betancur.

Plaintiffs allege that on April 16, 2006, Plaintiffs Hernando and Bertha Gonzalez (the

"Gonzalezes"), who are allegedly of Hispanic origin, entered into a contract to purchase unit 145

in Sunrise Lakes Condominium Apartments Phase III, Inc. 5.  The unit in question was allegedly

very similar to the unit which Bernard was attempting to sale.  The Gonzalezes allegedly

received a Certificate of Approval to purchase unit 145 from the Association in Sunrise Lakes

Condominium Apartments Phase III, Inc. 5.  Plaintiffs, however, allege that the inspection of unit

145 produced evidence of mold and structural problems which resulted in the sale not closing.

Thereafter, the Gonzalezes allegedly entered into a contract with Bernard to purchase his

condominium unit 108, located in the Sunrise Lakes Condominium Apartments Phase III, Inc. 4,

for the price of $67,000.  The Gonzalezes were allegedly prepared to pay the $67,000 purchase

price in cash.  The Gonzalezes allegedly provided a copy of their Bank of America statement to

Sunrise which allegedly indicated that the Gonzalezes had a balance of $65,922.03 as of August

8, 2006.  Additionally, the Gonzalezes allegedly provided Sunrise with written verification of the

following: 1) that Bertha Gonzalez earned between $300 to $350 per week; 2) that the Gonzalezes owned an apartment in Columbia which produced $400 per month in rental income; and 3) the Gonzalezes received $1,118 per month in Social Security benefits.  Plaintiffs allege that the verified monthly income of the Gonzalezes was sufficient to meet their monthly expenses including the condominium unit's maintenance fee of $229 per month.  However, according to Plaintiffs, on August 21, 2006 Sunrise notified the Gonzalezes that they were not qualified to purchase the unit because they had failed to meet the financial requirements of the Association.  Plaintiffs further allege that none of the twenty-three members of Sunrise's Board of Directors have a Hispanic surname or are of Hispanic descent.  Moreover, Plaintiffs allege that Sunrise's alleged actions constituted a violation of the Fair Housing Act of 1968 (the "FHA").

## II.   PROCEDURAL HISTORY

Sunrise filed its Motion to Dismiss Plaintiffs' Complaint or for More Definite Statement and in the Alternative Motion to Strike on December 5, 2006.  Plaintiffs filed their opposition on December 19, 2006.  Sunrise filed its reply brief on December 27, 2006.  Thus, Sunrise's Motion to Dismiss Plaintiffs' Complaint or for More Definite Statement and in the Alternative Motion to Strike is ripe for adjudication.

## III.   MOTION TO DISMISS STANDARD

"[W]hen considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim."  Solis-Ramirez v. U.S. Dept. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978)).  See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir.

1993).  Thus, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  <u>Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir.1993).  However, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) (<u>citing</u> Fed.R.Civ.P. 8(a)(2)).

### IV.   ANALYSIS

In its Motion, Sunrise argues that Plaintiffs have failed to state a cause of action for discrimination under the FHA because Plaintiffs have failed to assert allegations that the Gonzalezes were prevented from purchasing Bernard's unit based upon their national origin.  In the alternative, Sunrise requests that Plaintiffs be required to provide a more definite statement of their claims.  Sunrise additionally contends that Plaintiffs Bernard and Betancur do not have standing to sue because they have not pled sufficient facts to support a finding that they are aggrieved persons under the FHA.  Finally, Sunrise argues that Paragraph twenty-three of the Complaint should be stricken as the allegations contained therein are immaterial and impertinent.

### A.   PLAINTIFFS HAVE STATED A CLAIM UNDER THE FAIR HOUSING ACT

The purpose of the FHA, as expressed by Congress, is "to provide, within constitutional limitations, for fair housing throughout the United States."  42 U.S.C. § 3601.  Under the FHA it is unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any

person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). To establish a prima facie case of housing discrimination a plaintiff must show: (1) that he or she was a member of a protected class; (2) that he or she applied for and was qualified to rent or purchase certain property or housing; (3) that he or she was rejected; and (4) that the housing or rental property remained available thereafter. United States Department of Housing and Urban Development v. Blackwell, 908 F.2d 864, 870 (11th Cir. 1990) (citing Selden Apartments v. U.S. Department of Housing and Urban Development, 785 F.2d 152, 159 (6th Cir. 1986). See also Schanz v. Village Apartments, 998 F.Supp. 784, 788 (E.D. Mich. 1998).

Upon review of the Complaint, the Court finds that it adequately states a claim for violation of the FHA. Specifically, The Complaint alleges the following: 1) the Gonzalezes are members of a protected class; 2) the Gonzalezes were ready, willing, and able to purchase the condominium unit in question; 3) the Gonzalezes were rejected; and 4) the condominium unit remained available thereafter. Nevertheless, Sunrise contends that the Complaint is insufficient because it is void of factual support and Plaintiffs only provide conclusory allegations of discrimination. However, it is inappropriate for the Court to evaluate the factual allegations of the Complaint at the motion to dismiss stage. Solis-Ramirez v. U.S. Dept. of Justice, 758 F.2d at 1429. Therefore, the Court finds that Plaintiffs have adequately alleged a claim for violation of the FHA.

### B.   A MORE DEFINITE STATEMENT IS NOT REQUIRED

In the alternative, Sunrise requests that Plaintiffs be required to provide a more definite statement of their claims. Rule 12(e) of the Federal Rules of Civil Procedure permits a party to move for a more definite statement if a pleading is "so vague and ambiguous that a party cannot

reasonably be required to frame a responsive pleading . . . ."  Fed.R.Civ.P. 12(e).  "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail."  Aventura Cable Corp. v. Rifkin/Narragansett South Florida CATV Ltd. Partnership, 941 F.Supp. 1189, 1195 (S.D.Fla.1996) (citations omitted).  Indeed, "[a] motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself."  Campbell v. Miller, 836 F.Supp. 827, 832 (M.D.Fla.1993) (citations omitted). Moreover, "[t]he Federal Rules of Civil Procedure employ the concept of notice pleading.  [As a result], Motions for a more definite statement are not favored in the federal court system."  Id. (citations omitted).  After reviewing the Complaint, the Court finds that it would be inappropriate to require a more definite statement.  Therefore, Sunrise's request for a more definite statement is denied.

### C.   STANDING UNDER THE FHA

Next, Sunrise contends that Plaintiffs Bernard and Betancur lack standing to participate in this action.  Under the FHA, an "aggrieved person" can bring an action.  42 U.S.C. § 3613(a)(1)(A).  The FHA defines an aggrieved person as anyone who "claims to have been injured by a discriminatory housing practice."  42 U.S.C. § 3602(i)(1).[1]  The FHA's definition of aggrieved person confers standing as broadly as is permitted by Article III of the Constitution. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 372 (1982) (citing Gladstone Realtors v. Village of Bellwood, 441 U.S. 91 (1979).  Moreover, the U.S. Supreme Court has stated that "the

---

[1]The FHA defines a "discriminatory housing practice" as any act that is unlawful under 42 U.S.C. §§ 3604, 3605, 3606, or 3617.  42 U.S.C § 3602(f).

sole requirement for standing to sue under [the FHA] is the Article III minima injury in fact: that the plaintiff allege that as a result of the defendant's actions he has suffered a distinct and palpable injury." Coleman, 455 U.S. at 372. Thus, standing under the FHA "is not limited by prudential concerns but is satisfied by the minimum constitutional 'case or controversy' requirement of Article III." Baytree of Inverrary Realty Partners v. City of Lauderhill, 873 F.2d 1407, 1409 (11th Cir.1989) (citing Coleman, 455 U.S. at 372). Specifically, there are three minimum constitutional requirements for standing: (1) the plaintiff must allege an actual or imminent injury; (2) the injury must be traceable to the alleged unlawful conduct; and (3) the relief requested must be likely to remedy the plaintiff's injury." Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1537 (11th Cir.1994).

In the present action, Sunrise argues that Betancur and Bernard lack standing because they only allege financial losses and have not pled any facts that support that they are challenging a discriminatory policy on behalf of the Gonzalezes. In response, Plaintiffs argue that Betancur and Bernard are aggrieved persons under the FHA. In making this argument Plaintiffs primarily relied upon dated district court opinions which derived outside of the Eleventh Circuit. Moreover, neither the Plaintiffs nor Sunrise fully analyzed the cases upon which they relied. As a result, the Court finds that the Parties did not adequately brief the FHA standing issue. Therefore, the Parties are directed to file briefs, on or before September 7, 2007, which thoroughly and fully address Betancur's and Bernard's standing in this matter. The Parties are advised that the briefs should fully analyze the present action in light of the relevant case-law as opposed to simply relying upon string citations.

#### D.    THE COURT WILL NOT STRIKE PARAGRAPH TWENTY SIX OF THE COMPLAINT

Finally, Sunrise argues that the Court should strike Paragraph Twenty Six of the Complaint because it is immaterial and impertinent.  Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings.  Fed.R.Civ.P. 12(f).  While the court enjoys broad discretion in determining whether to grant or deny a motion to strike such motions are granted only where clearly warranted.  <u>Anchor Hocking Corp. v. Jacksonville Elec. Auth.</u>, 419 F.Supp. 992, 1000 (M.D.Fla .1976).  Moreover, "[p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice."  <u>Augustus v. Bd. of Public Instruction of Escambia County, Fla.</u>, 306 F.2d 862, 868 (5th Cir.1962) (<u>citation</u> <u>omitted</u>).[2]  Thus, a court will not exercise this discretion unless the "challenged allegations have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F.Supp. 574, 576 (M.D.Fla.1995) (<u>citations</u> <u>omitted</u>).

In relevant part, Paragraph Twenty Six of the Complaint states:

> The defendant Association's letterhead listed twenty-three (23) board of directors, with four (4) board members also serving as Association officers.  None of the twenty-three (23) board of directors possesses an Hispanic surname.  On information and belief, none of the board members are of Hispanic national origin.

---

[2]Pursuant to Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir.1981), all decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent upon this Court.

Compl. at ¶ 26.  It appears that the allegations contained within Paragraph Twenty Six of the

Complaint may bear some relationship to this discrimination action.  For instance, it is

conceivable that Plaintiffs could show that the alleged lack of non-Hispanic members on

Sunrise's Board of Directors led to the alleged discriminatory treatment which Plaintiffs

allegedly endured or created an environment of discriminatory animus that contributed to the

alleged discrimination.  Moreover, the Court finds that the allegations contained within

Paragraph Twenty Six will not confuse the issues in this matter or otherwise prejudice Sunrise.

As a result, the Court is unwilling to take the drastic step of striking Paragraph Twenty Six.

     For the reasons discussed above, it is hereby

     **ORDERED AND ADJUDGED** as follows:

1.   Defendant's Motion to Dismiss Plaintiffs' Complaint or for More Definite Statement and in the Alternative Motion to Strike (DE 5) is **DENIED**.

2.   The Parties are directed to file briefs, on or before **September 7, 2007**, which thoroughly and fully address Betancur's and Bernard's standing in this matter.

     **DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of August, 2007.

_Marcia G. Cooke_
_____
MARCIA G. COOKE
United States District Judge


*Copies furnished to:*

*All Counsel of Record*